IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND

TSE ERNST BANGARIE
Petitioner,

vs.                                             Case No: **RDB-211-0277**

UNITED STATES OF AMERICA
Respondent.

Respondent.

MOTION FOR REDUCTION IN SENTENCE PURSUANT TO
18 U.S.C. § 3582/AMENDMENT 821

## INTRODUCTION

On August 27, 2021, the defendant entered a plea of guilty to the two-count Information in which he was charged with conspiracy in violation of 18 U.S.C. § 371 and unlawful export of defense articles in violation of 22 U.S.C. § 2778(b)(2) and (c). The Court subsequently imposed a term of 46 months imprisonment.

1

## FACTS

The probation department completed a PSR in this case and the Court adopted those findings. Mr. Bangarie was found to have a criminal history of a Category I and the Court found that the applicable advisory guideline calculations were as follows:

26 base offense level (USSG §§2M.5.2 and 2X1.1)

-3 acceptance of responsibility

23 total

The advisory guideline range as it related to Mr. Bangarie was for a final offense level of 23 and Category I is 46 to 57 months.

## ARGUMENT

On November 1, 2023, the U.S. Sentencing Commission amended U.S.S.G. § 4A1.1, "Criminal History Category," by striking subsection (d) which had read: "Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." In its place, the Commission inserted new subsection (e):

Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal

justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.1

The Commission also amended the commentary to § 4A1.1 by striking Note 4, which instructed a sentencing court to add two points if the offense was committed while under "any criminal justice sentence" ("status points"), and adding new Note 5 which states in part: "One point is added if the defendant (1) receives 7 or more points under §4A1.1(a) through (d), and (2) committed any part of the instant offense (i.e., any relevant conduct) while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Failure to report for service of a sentence of imprisonment is to be treated as an escape from such sentence."

The Commission made further changes as outlined below;
(Zero-Point Offenders)
Subpart 1 (Adjustment for Certain Zero-Point Offenders)
Chapter Four is amended by inserting at the end the following new Part C:
"PART C — ADJUSTMENT FOR CERTAIN ZERO-POINT OFFENDERS
§4C1.1. Adjustment for Certain Zero-Point Offenders
(a) Adjustment.—If the defendant meets all of the following criteria:
(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
(2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

---

[1] The amendment has been designated as Amendment 821 in the Appendix to the U.S. Sentencing Guidelines.

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

After receiving public commentary on the proposed amendments, the Commission announced that the provision of Amendment 821 removing the status points under § 4A1.1(d), and allowing the 2-point decrease for those with a criminal history score of 1. The commission made these changes retroactively applicable to those sentenced prior to November 1, 2023. On November 1, 2023, Amendment 821 went into effect, removing the so-called "status points," and "Zero Offenders." under U.S.S.G. § 4A1.1(d), and the Sentencing Commission made this amendment retroactively applicable to those sentenced prior to its

enactment.2 Mr. Bangarie qualifies for Amendment 821's retroactive decrease of the base offense points and therefore files this motion for relief.

**This Court is Authorized to Grant Relief**

Congress and the Sentencing Commission established a procedure for amending the United States Sentencing Guidelines (U.S.S.G.) under certain circumstances. See U.S.S.G. § 1B1.10, generally. In accordance with Amendment No. 821, effective November 1, 2023, the Commission issued a rule allowing a reduction in the Guideline sentencing range (GSR) for certain offenders who were enhanced under U.S.S.G. § 4A1.1(d), adding two criminal history points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."

When the Commission declares an amendment to the Guidelines retroactive, 18 U.S.C. 3582(c)(2) authorizes a district court to reduce a sentence based on the amended provision:

> *Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission. The relevant policy statement, U.S.S.G. § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while leaving all other guideline application decisions unaffected. §*

---

[2] Under the terms of the amendment, inmates may file their motions on or after November 1, 2023, but may not be granted judicial relief until on or after February 1, 2024. As a practical matter though, the Bureau of Prisons, in conjunction with the Administrative Office of US Courts and other judicial agencies, is seeking to pre-determine inmate eligibility for § 3582 relief in an effort to accelerate pre-release planning in appropriate cases.

> *1B1.10(b)(1). Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted after considering the factors set forth in section 3553(a) to the extent that they are applicable.*

Dillon v. United States, 560 U.S. 817, 820 (2010) (cleaned up).

The Sentencing Commission's Policy Statement in U.S.S.G. § 1B1.10 provides further guidance in applying retroactive amendments to those sentenced prior to enactment of the amendment. First, the amendment must have lowered the guideline sentencing range applicable to the individual. Second, the amendment must be listed as one of the retroactively applicable amendments in § 1B1.10(d). Third, the court may not reduce a sentence to a term that is less than the amended guideline range or minimum statutory floor, except for those who had provided "substantial assistance" to the government.3

If these criteria are satisfied, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." § 1B1.10(b)(1).

---

[3] *See* Amendment 780, Reason for Amendment ("The guidelines and the relevant statutes have long recognized that defendants who provide substantial assistance are differently situated than other defendants and should be considered for a sentence below a guideline or statutory minimum even when defendants who are otherwise similar (but did not provide substantial assistance) are subject to a guideline or statutory minimum. Applying this principle when the guideline range has been reduced and made available for retroactive application under section 3582(c)(2) appropriately maintains this distinction and furthers the purposes of sentencing").

**Application of Amendment 821**

Amendment 821 meets all the criteria under § 1B1.10 and therefore applies retroactively in this case. First, the amendment lowers Mr. Bangarie's guideline range. Mr. Bangarie's GSR was 46 to 57 months. This range was based on a base offense level of 23 and a criminal history score of I.[4] Amendment 821's retroactive removal of the enhancement under § 4A1.1(d) reduced Mr. Bangarie's Base offense level from 24 – 3 points to 21 points - his guideline range would therefore be 37-46 months.

Second, Amendment 821 is expressly listed in § 1B1.10(d) as one of the amendments that apply retroactively. Considering these facts, if Amendment 821 were in effect at the time of Mr. Bangarie's sentencing, he would have received a lower sentence, and therefore the amendment allows for relief in this case.

**Sentencing Factors Under 18 U.S.C. § 3553(a)**

In a § 3582(c)(2) proceeding, evidence of post-conviction rehabilitation is likely the most important of the court's core considerations. The Supreme Court emphasized the significance of post sentencing rehabilitation in Pepper v. United States, 562 U.S. 476, 491 (2011)[5]: "There would seem to be no better evidence

---

[4] *See* Sentencing Table, U.S.S.G. Ch. 5.
[5] *See also Id.* ("In addition, evidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing. For example, evidence of postsentencing rehabilitation may plainly be relevant to 'the history and characteristics of the defendant.' § 3553(a)(1). Such evidence may also be pertinent to 'the need for the sentence imposed' to serve the general purposes of sentencing set forth in § 3553(a)(2)—in particular, to 'afford adequate deterrence to criminal

than a defendant's post-incarceration conduct," and that "post sentencing rehabilitation may also critically inform a sentencing judge's overarching duty under § 3553(a) to impose a sentence sufficient, but not greater than necessary to comply with the sentencing purposes set forth in § 3553(a)(2)."6

A number of factors warrant a sentence at or **below** the new Guideline range. This Court also has the power to reduce the sentence further than the low end of 37-46 months in this case and can consider a variety of reasons that demonstrate extraordinary and compelling reasons to do so.

Mr. Bangarie's adjusted sentence, after applying Amendment 821, continues to reflect the seriousness of the offense and plainly affords adequate deterrence to criminal conduct. It further serves to protect the public from criminality, since Mr. Bangarie's will be closely monitored by a federal probation officer while on supervised release, under conditions imposed by this Court at sentencing.

---

conduct,' 'protect the public from further crimes of the defendant,' and 'provide the defendant with needed educational or vocational training ... or other correctional treatment in the most effective manner.'"; Andrea Avila, *Consideration of Rehabilitative Factors for Sentencing in Federal Courts: Tapia v. United States, 131 S. Ct. 2382 (2011),* 92 Neb. L. Rev. (2014) ("The pendulum swung too far from rehabilitation during the sentencing reform movement; our goal should be to create a balance between the justifications for punishment. Incorporating rehabilitative options does not have to be to the exclusion of incapacitation, deterrence, and retribution -- it can serve those purposes, as well. *Tapia* should not function as an abdication of rehabilitation in our criminal justice system but instead as an opportunity to more closely focus the lens on evidence-based rehabilitation") (available at: https://digitalcommons.unl.edu/nlr/vol92/iss2/6).

6 Amendment 768 repealed U.S.S.G. § 5K2.19, in the wake of *Pepper*, which had barred a court from considering postsentencing rehabilitation in a resentencing proceeding. *See also Concepcion v. United States*, 142 S. Ct. 2389, 2395-96 (2022) ("When a defendant appears for sentencing, the sentencing court considers the defendant on that day, not on the date of his offense or the date of his conviction") (citing *Pepper*).

Mr. Bangarie has used his time while incarcerated to further his educational and vocational skills, as well as taking advantage of opportunities to better himself. The Court can also consider the sentences in this case for the codefendants and Petitioner asks that the Court to do so in deciding what the appropriate sentence in this case should be in light of the Amendment's.

Petitioner submits that a sentence of 37 months and or lower considering all of the factors in this case would fulfill the sentencing goals set forth in 18 U.S.C. § 3553. The rehabilitation in this case has been achieved, as well as the punishment. The only thing left is for Mr. Bangarie to suffer as well as his family. Mr. Bangarie is an educated and financially successful adult. He immigrated to this country, became a naturalized citizen, obtained a licensed practical nurse degree, and owned his own business. Any further incarceration is not needed in this case.

Respectfully Submitted,

Tse Ernst Bangarie

## CERTIFICATE OF SERVICE

I, Tse Ernst Bangarie hereby certify that on this 28 day of November, 2023, I did place the enclosed motion for relief pursuant to 18 U.S.C. 3582, in the prison mailing system addressed to the following parties:

    United States District Court Clerk
    Court Clerk
    101 W. Lombard St.
    Baltimore, Maryland 21201

    United States Attorney's Office

Signed under the penalty of perjury this 28 day of November, 2023.

                                              Tse Ernst Bangarie